**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-CR-00397-CMA-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.  JOEL THOMAS

    Defendant.

---

**DEFENDANT'S SENTENCING STATEMENT**

---

Defendant Joel Thomas ("Joel"), by and through his attorneys, hereby submits his Sentencing Statement. Thomas respectfully requests that the Court impose a sentence shorter than the United States District Court Probation Office's (the "Probation Office") recommended sentence of 63 months, and consider a sentence to probation. If the Court sentences Joel to incarceration, Joel requests that he be allowed to remain free on bond pending his designation to a Bureau of Prisons facility.

    **A.**    **Sentencing Position.**

18 U.S.C. § 3553(a) governs sentencing in federal cases and directs the Court to impose a sentence "sufficient, but not greater than necessary" to reflect "the nature and circumstances of the offense and the history and characteristics of the defendant" while considering the need:

> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> **(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and
**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C.A. § 3553(a)(1), (2).  The statute also provides that the Court is to consider the kinds of sentences available, the applicable sentencing guidelines, any relevant policy statements of the Sentencing Commission, and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C.A. § 3553(a)(3)-(6).

Recently revised local rule D.C.Colo.L.R. 32.1 requires a defendant to file a sentencing statement, and provides that such sentencing statement may not include the defendant's motion for a variance.[1]  A variance motion must "be filed as a separate motion."  D.C.Colo.L.R. 32.1(c).

The Rule requires a defendant's sentencing statement to "analyze[ ] the sentencing factors to be considered at sentencing."  D.C.Colo.R. 32.1(a)(2).  After *United States v. Booker,* 543 U.S. 220 (2005), however, a motion seeking a variance from the applicable an applicable Sentencing Guidelines range, may be premised on the same 18 U.S.C. § 3553(a) factors.  *United States v. Lopez-Macias*, 661 F.3d 485, 492 (10th Cir. 2011) (noting that a sentencing court must consider the guidelines but "may determine, however, that, in the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing.") (quoting *Kimbrough v. United States,* 552 U.S. 85, 91 (2007)); *United States v. Dhafir*, 577 F.3d 411, 415 (2d Cir. 2009) ("In light of *Booker*, the judge could simply look at all of the facts, take [the parties']

---

[1]    D.C.Colo.L.R. 32.1 provides that, generally, the government's sentencing statement is due "30 days after a verdict of guilty is returned by . . . the court" and the defendant is to file his sentencing statement within 14 days after the government files its sentencing statement.  Per the Court's Order dated October 2, 2019, however, "sentencing positions and all motions" by both the government and Joel are to be filed 14 days prior to the January 13, 2020 sentencing date, with responses due 7 days prior to sentencing.  (Doc. #15).

suggestions into account, consider the § 3553(a) factors, and come up with a 'hybrid' approach if he [or she] so chose.").

Along with this Sentencing Statement, and as required by D.C.Colo.L.R. 32.1(c), Joel is separately filing Defendant's Motion for Downward Variant Sentence, which is largely premised on and discusses the 18 U.S.C. § 3553(a) factors relevant to Joel's sentence. Rather than repeat those arguments in a redundant fashion herein, Joel asks that the Court consider his variance motion as setting forth Joel's position regarding the 18 U.S.C. § 3553(a) factors and an appropriate substantive sentence. As discussed in greater detail in the variance motion, Joel submits that a sentence substantially less that the Probation Office's recommended 63 months confinement is appropriate, and asks the Court to consider a sentence to probation.

**B.    Restitution.**

18 U.S.C. § 3553(a) also requires the Court, in imposing sentence, to consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). One victim depicted in the images forming the basis of Joel's plea has come forward seeking $5000 restitution. The Probation Office recommends assessing the restitution amount upon sentencing, (Doc. #18-1 at 3), and Joel stands ready to make restitution in that amount immediately.

**C.    Position Regarding Probation Department's Recommendation for Immediate Remand.**

In addition to recommending 63 months incarceration, the Probation Office "recommends that the defendant be remanded at sentencing to the custody of the United States Marshal pursuant to 18 U.S.C. § 3143(a)(2)." (Doc. #18-1 at 5).

If the Court decides to impose a sentence of incarceration, Joel requests that he be allowed to remain on bond pending his designation to a Bureau of Prisons facility, and be allowed to self-report to such facility on the date chosen by the Bureau of Prisons. As set forth in greater

detail in Joel's variance motion, the government seized Joel's computer in 2013, and Joel was therefore aware that this case was under investigation for six years before the government brought charges.  Joel was free from any restrictions throughout that time, and has been on bond without incident since being charged and pleading guilty.  At no point has the government believed that Joel presented a flight risk or a danger to the community.  Nothing about that calculus changes once Joel is sentenced.  Indeed, undersigned counsel does not expect the government to request Joel to remand at sentencing should a prison sentence be imposed.  Joel would report to his designated Bureau of Prisons facility as ordered, and respectfully requests that he be allowed to remain on bond and do so if the Court imposes a sentence involving incarceration.

### D.    Conclusion.

Based on the foregoing, and as set forth in more detail in Defendant's Motion for Downward Variant Sentence, Joel respectfully requests that the Court impose a sentence to probation as allowed by the governing statute.  If the Court imposes a sentence to incarceration, Joel requests an Order allowing him to remain free on bond pending his designation to a Bureau of Prisons facility.

Dated this 30th day of December 2019, in Denver, Colorado.

Respectfully submitted,

*s/ Douglas I. Richards*

Douglas I. Richards
**RICHARDS CARRINGTON, LLC**
1444 Blake Street
Denver, Colorado 80202
Telephone:303-962-2690
Facsimile:303-962-2691
doug@richardscarrington.com
*Attorney for Defendant* Joel Thomas

4

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I electronically filed the foregoing DEFENDANT'S SENTENCING STATEMENT with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Alecia L. Riewerts
Alecia.Riewerts@usdoj.gov

Lauren Kupersmith
Lauren.Kupersmith@usdoj.gov

*Attorneys for the Government*

            *s/ Ashli Pyles*
            Ashli G. Pyles, Paralegal