# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Criminal Case No. 1:19-CR-397—CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOEL THOMAS,

    Defendant.

_____

## AMENDED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(i)

_____

Comes now, Defendant Joel Thomas, by and through Muhaisen & Muhaisen, LLC, and submits in writing and under oath this Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).

### Background and Applicable Standards

The growing coronavirus pandemic, which public health experts and policymakers recognize will be especially dangerous in the confines of correctional institutions, is an extraordinary and compelling circumstance. At forty years old, Mr. Thomas's age compounded with his underlying health issues make him among those who are at the highest risk of death or serious illness if he is exposed to the disease. Joel Thomas has taken the proper procedures to ensure that this court has the ability to save his life with an immediate sentence reduction to time served.

According to the program, "[if] the BOP does not act favorably on the defendant's request after 30 days, the defendant is excused from the exhaustion requirement and may bring his application to the Court. If the BOP denies the defendant's application in fewer than 30 days, then the defendant may immediately apply to the Court." United States v. Woodson, No. 18-CR-845 (PKC), 2020 WL 1673253, at *2 (S.D.N.Y. Apr. 6, 2020).

In this case, the timing provision has been satisfied. Mr. Thomas submitted a request for reduction in sentence to the warden of his facility on May 6th, 2020, more than 30 days ago, providing the basis for the court to consider Mr. Thomas's motion. The Informal Resolution (BP8) was returned as "Unable to resolve". It was then rejected for review by the warden. Mr. Thomas then continued with the administrative process.

Further administrative procedures will prove futile, because the delay places the defendant at risk and possible irreparable harm. There is serious doubt whether the BOP could or would grant effective relief given the seriousness and rapid impact that COVID-19 can have on a densely packed population. Granberry v. Greer, 481 U.S. 129, 134 (1987). Delaying consideration of this motion would put the defendant's life in serious danger and possibility of irreparable harm.

### "Compassionate Release" Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)

18 U.S.C. § 3582(c)(1)(A)(i), the so-called "compassionate release" statute, creates an exception to the general prohibition against modification of "a term of imprisonment once it has been imposed, 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions" Freeman v. United States, 564 U.S. 522, 526 (2011). Pursuant to the First Step Act, defendants may move a court to "reduce" a term of imprisonment upon a finding that "extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Extraordinary and compelling reasons have been defined in the comments as, "suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).

### Application to Mr. Thomas's Situation

Mr. Thomas has been in custody with the present offense since February 4, 2020 which amounts to seven months of actual incarceration. Counting the good time credits earned he has served approximately one year of his sentence of forty-eight months. His conduct in prison has been exemplary and displays the highest of work ethics working in the electrical shop. He has paid all of his financial obligations prior to self-surrendering. He has completed several ACE classes despite the COVID 'lockdown'. He has several health issues along with the burden of several from his family. He currently suffers from Post-Traumatic Stress Disorder, insomnia, depression, and headaches.  In addition to Mr. Thomas's conditions, his ten-year-old son is currently in counseling for suicidal thoughts because of his father's incarceration and Joel's father-in-law suffered a major stroke in August of 2019 which left him in hospice care. Mr. Thomas's family has a history of high blood pressure, heart attacks, and prostate cancer. Mr. Thomas's confinement has been an extreme burden on his wife due to the responsibly of solely maintaining the family among a pandemic.

U.S.S.G. § 1B1.13 contains the relevant policy statement, which allows the court to reduce a term of imprisonment if "extraordinary and compelling reasons warrant the reduction," id. § 1B1.13(1)(A); "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," id. § 1B1.13(2); and "the reduction is consistent with this policy statement," id. § 1B1.13(3).

The "extraordinary and compelling" circumstances that warrant reduction of Mr. Thomas's sentence and his release are: (1) the rapid spread of COVID-19 at FCI

Englewood Colorado; (2) his demonstrated age and history of poor health places him at an increased risk for life threatening complications from COVID-19; and (3) his satisfaction of the § 3553(a) factors.

In <u>United States v. Young</u> the court agreed that, "the dependance on the BOP to determine the existence of an extraordinary and compelling reason, like the requirement for a motion by the BOP Director, is a relic of the prior procedure that is inconsistent with the amendments implemented by the First Step Act." 2020 WL 1047815, at 2 (M.D. Tenn. Mar. 4, 2020). The court in Young followed the majority of district courts in recognizing that § 1B1.13's defined categories are not exclusive: "In short, federal judge are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." id. at 6. Accordingly, this Court has the authority to consider whether the worsening global pandemic, combined with the other relevant circumstances in this case, present an extraordinary and compelling basis for a sentence reduction.

The Attorney General has stated that this illness is potentially life-threatening. "[T]he risk of serious illness or death that [defendant] faces in prison constitutes an extraordinary and compelling reason militating in favor of his release." <u>United States v. Sawicz</u>, 2020 WL 1815851, at *2 (E.D.N.Y. Apr. 10, 2020) (granting compassionate release for a prisoner at FCI Danbury.).  Mr. Thomas's age at forty years old satisfies this compelling reason requirement. The World Health Organization has already stated, the populations most at risk of suffering a severe form of the disease include "older people, and those with underlying medical problems like cardiovascular disease [and] diabetes." Coronavirus, World Health Organization (Mar. 23, 2020)[1]. Mr. Thomas would very much like the opportunity to survive this pandemic, surrounded by his family opposed to dying at the hands of the BOP.

## Factors to be Considered

The court should consider the following factors in any sentence reduction: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; and (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), 3583(d)(1).

## The Court Should Find that Mr. Thomas Meets Requirements

Mr. Thomas meets all of these requirements; the nature and circumstances of his offense show that he is not a danger if compassionate release is granted. The totality of the circumstances shows that reducing Mr. Thomas's sentence to time served after 7-12 months in custody, the equivalent to 12-18 months of a federal sentence, is

---

[1] https://www.who.int/healthtopics/coronavirus#tab=tab_1

"sufficient, but not greater than necessary" to serve the purposes of sentencing under § 3553.

If Mr. Thomas were to be released from FIC Englewood, he would return to live with his wife of over 16 years with their 10-year-old son, in Aurora, Colorado. This is the same residence he was serving his pre-trial release. It will provide a base of support and a secure location to reintegrate into society. It is just 15 miles from FIC Englewood. Using his newly acquired skills at the electrical shop he plans to go back to work with Live Broadcast Freelance work that he had prior to being incarcerated. There are several vehicles at his disposal to get to and from work and attend his regular meetings of SAA. He has strong financial support including, access to his 401k funds and a maintained savings account since entering prison. He plans on attending the required SAA meetings and other counseling for himself and with his family. Along with this, he will meet all release requirements including registration for city, county, and state.

The financial obligations sentenced to Mr. Thomas remains unchanged by this compassionate release. What has changed, however, is the environment of the prison in which Mr. Thomas was sentenced to. When the court imposed the sentence, the court could not have known that the sentence would "include incurring a great and unforeseen risk of severe illness or death" brought on by a global pandemic. Rodriguez, F.Supp.3d 2020, at *12.

### Prayer

Due to the unforeseeable danger that has arised, Mr. Thomas respectfully request for a modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). As a result, Mr. Thomas ask that this Court grants a reduction in sentence to time served.

DATED at Denver, Colorado this 4th day of September, 2020

/S/ Wadi Muhaisen

Wadi Muhaisen
Muhaisen & Muhaisen,
LLC 1435 Larimer Street,
Ste. 203
Denver, CO 80202
303-872-0084
wadi@muhaisenlaw.com

Attorney for Joel Thomas

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2020, a true and correct copy of the foregoing was served via the ECF E-FILING SYSTEM upon the following:

Alecia Lynne Riewerts    Alecia.Riewerts@usdoj.gov, CaseView.ECF@usdoj.gov, portia.peter@usdoj.gov, USACO.ECFCriminal@usdoj.gov

Lauren Sara Kupersmith    lauren.kupersmith@usdoj.gov


I also certify that a printed copy of the foregoing response was mailed to:

Joel Thomas
#45461-013
ENGLEWOOD
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
9595 WEST QUINCY AVENUE
LITTLETON, CO 80123


/S Wadi Muhaisen