IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-00397-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JOEL THOMAS,

    Defendant.

---

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO RECONSIDER**

---

The United States of America ("the government"), by and through United States Attorney for the District of Colorado Cole Finegan, and Assistant United States Attorney Alecia L. Riewerts, hereby respectfully requests the Court deny the defendant's Motion to Reconsider [ECF #62] ("Def. Mot. to Rec."). The Court has previously rejected the defendant's argument that Special Conditions 1, 4, and 6 are unwarranted. Order Granting in Part and Denying in Part Defendant's Motion to Deny Supervised Release Conditions [ECF #61] ("Order"). Special Conditions 1, 4, and 6 remain warranted despite defendant's arguments to the contrary.

### I.    BACKGROUND

Between May 2012 and August 2013, the defendant was anonymously registered on two different websites that operated on Tor, a network designed and used

for the purpose of facilitating anonymous communication over the Internet. The primary purpose of both websites (known as "Website 15" and "Website 18") was to advertise and distribute child pornography. Further, the rules for at least Website 15 dictated that users had to continuously share or they would lose access to the website. The defendant was an active contributor and consumer on both sites.

On Website 18, the defendant made a total of 54 posts in a period of less than a year.  Plea Agreement [ECF #19] ("PA") at 17-18.  Some of the posts included hyperlinks to external websites where the file was no longer accessible by the time law enforcement seized the websites, but the language of the posts made clear that the defendant was both sharing links to child pornography and requesting particular files to be sent in return.  *Id.* at 18.  For example, on December 6, 2012, the defendant included a hyperlink to a file-sharing site on Tor and stated, "Looking for this set, or name of the set so I can get it myself. Thanks for the help friends!!!!".  On November 8, 2012, the defendant posted a hyperlink to an outside site, along with a password and stated, "Here is a cutie!!!!".  *Id.*

On Website 15, over approximately fourteen months, the defendant made a total of 119 postings with 78 attachments and sent or received 39 private messages.  *Id.* at 15-16.  His postings discussed his extensive collection of child sexual exploitation material, shared specific child pornography from his collection with the other approximately 215 users, and requested particular child pornography files to add to his collection, sometimes requesting images of a distinct minor victim.  *Id.* at 12, 16-17.

Users of Website 15, including the defendant, would often thank each other for the material posted and callously discuss the trading of depictions of child sexual exploitation like some might discuss the trading of their favorite baseball cards. For example, on June 10, 2012, the defendant made a post stating, "Hey everyone...I was going thru my collection and decided it needed to be re-organized... How do you keep your files organized...for instance, I have a folder of To Sort, Cream Pie, Boys, PTHC[1], SCCP, Stories, Pics, etc...now some of my folders are getting dis-organized, such as To Sort and Pics...How do you sort yours...do you go as deep as date, age, year, etc...Let us know and maybe we can be more efficient on what is requested and posted....Thanks." Attached to the post was one image depicting a nude prepubescent female who was sitting on her knees with her legs spread apart, partially exposing her vagina. *Id.* at 16.

The defendant had been collecting child pornography for a lengthy period of time. On June 4, 2012, the defendant made a post stating, among other things, "Hey Forum, A little about me, I've been collecting since the 90's, however, I had to destroy three drives in the past and re-build my collection due to fear and paranoia, however, with the true crypt and the size of drives, I can have my entire collection on one device now…..My favorite sets are the YVM, LSM 1st studio, webcam of girls 9-14, and of course the classics". *Id.* at 16. In fact, the defendant continued to engage in his

---

[1] PTHC stands for "pre-teen hard core", indicating that the child pornography depicts a prepubescent minor is engaged in one or more sex acts with one or more other minors or adults.

3

criminal activity after the police first came to his home in 2010 and even after he had a child of his own. Presentence Investigation Report [ECF #25] ("PSR") at ¶¶29, 62.

It was clear based on the forensic examination that the defendant had taken steps to avoid law enforcement detection, including encrypting his laptop. The forensic examination of the defendant's laptop, which had been used to access the websites described above, revealed two significantly sized encrypted containers, totaling approximately 40 gigabytes, which the forensic examiner was unable to open. PA at 20-21. Also, a commercial product permitting the secure deletion of files and removal of remnant data was installed and all cleaning features were enabled. PA at 20.

Defendant pled guilty to an Information charging him with Access with Intent to View Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). PSR at ¶1. The Court sentenced him to 48 months' imprisonment. Judgment [ECF #33] at 2. His sentence includes five years of supervised release with conditions, to include special conditions of supervision. *Id.* at 3-5.

The defendant filed a motion to modify the special conditions of supervision on March 14, 2022. Def. Mot. to Mod. SR Cond. On March 29, 2022, the Court denied the defendant's motion in part, in that it denied the defendant's motion to modify special conditions of supervised release 1, 4, and 6. Order. The Court granted the defendant's motion to remove special conditions of supervised release 7-11. *Id.* On April 8, 2022, the defendant filed the above-referenced motion to reconsider the Court's Order

denying the defendant's motion to modify special conditions of supervised release 1, 4, and 6.  Def. Mot. to Rec.

## II.     DEFENDANT'S MOTION TO RECONSIDER

The defendant's request that the Court reconsider its Order should be denied. The government hereby incorporates the Government's Response to Defendant's Motion to Modify Supervised Release Conditions [ECF #60] ("Govt. Resp. to Def. Mot. to Mod. SR Cond."). However, the government further addresses arguments made by the defendant in his motion to reconsider.

### A. Special Condition 1: Sex Offender Evaluation and Treatment

The defendant continues to argue that he does not need sex offender evaluation and treatment because he has successfully completed and intends to continue to be involved in Sex Addicts Anonymous ("SAA") and due to his "extensive therapy with Dr. Max Wachtel".  Def. Mot. to Rec. at 3.  In the defendant's motion to reconsider, he states that an "Offense Specific Evaluation" was not conducted in his case.  Def. Mot. to Rec. at 3-4. The defendant is mistaken.  The defendant submitted a "Offense Specific Evaluation" in advance of his sentencing in this case.  ECF #27-1.  The evaluation provided the evaluator's recommendations regarding sex offense specific treatment in the "Amenability for Treatment" section and paragraph 2 of the "Recommendations" section. *Id.* at 15-16.  While the government does not reveal the contents of said document due its restriction level and this Court's standard language when granting orders to restrict, the defendant's own evaluator addresses the issue. *Id.*  Notably, the

5

defendant's evaluator was familiar with Dr. Max Wachtel's Treatment Summary Report and the defendant's participation in Sex Addicts Anonymous when he authored his evaluation. *Id.* at 1, 5.

Further, the defendant's own evaluator makes a risk assessment related to the defendant. *Id.* at 15. As further addressed below, the defendant has not received any sex offender treatment since his evaluation was conducted in December 2019, prior to his January 2020 sentencing. Judgment at 1. Hence, there is no reason to believe that his risk to public safety has decreased since he was sentenced in January 2020.

With regard to completing sex offender treatment while in the Bureau of Prisons (BOP), the defendant states that he "did not decline participation" and told Dr. Boltz [sic] that "he would like to have his family perform research on BOP's program". Def. Mot. to Rec. at 4. He further stated that he "requested to be placed on the wait-list [sic]". *Id.* Further, the defendant also represented that "the Psychology Department ruled that he will not be able to participate in the program." *Id.* In addition to confirming on March 24, 2022, with Paulette Couf, Psy.D., the Sex Offender Management Program Coordinator at FCI Englewood, that the defendant had not requested to participate in sex offense specific treatment since his February 2020 declination, undersigned counsel again reached out to the BOP and procured documents and a declaration that refute the defendant's claim that he pursued sex offender treatment in that he asked to be placed on the wait list and that there was a ruling he couldn't participate in the program. *Id.*

In short, the defendant's "lack of programming is a result of his refusal to participate." *See* Dr. van der Walt Declaration ("Att. 3") at 3.[2]  Dr. van der Walt is the Chief Psychologist at the Federal Correctional Institution ("FCI") in Englewood, Colorado. *Id.* at 1.  As part of her duties, she supervises the Sex Offender Management Program ("SOMP") at FCI Englewood. *Id.*  Dr. van der Walt's declaration, in conjunction with documents related to the defendant's intake screenings on February 19, 2020, make clear that the defendant was advised to participate in the Sex Offender Treatment Program ("SOTP"). *Id.*; *see also* Intake Screening ("Att. 1") and SOMP Intake Screening ("Att. 2").  On that date, he declined to participate as he wanted to think about it before making such a commitment.  Att. 3 at 3.  The defendant was told that he would be placed on the decline list and would have to affirmatively inform SOMP staff if he decided to participate. *Id.*  The SOMP Intake Screening specifically states that he declined to be placed on the wait list. *Id.*  The defendant's psychological records have been reviewed and he did not request to be placed in the sex offender treatment program after that date. *Id.* at 3-4.

The government's position remains that there is ample evidence in the record to support sex offender evaluation and treatment.  The nature and circumstances of the case are the same as when the defendant's sentence was imposed in January 2020.  The history and characteristics of the defendant are the same as when sentence was imposed.  There were no objections to Special Condition 1 at that time.  Sex offender

---

[2] The government intends to file all attachments related to this response under restriction.

evaluation and treatment involves no greater deprivation of liberty than necessary to ensure the safety of the community. Therefore, the defendant's motion to reconsider should be denied.

### B.  Special Conditions 4 and 6:  Computer Monitoring

The defendant renews his argument that the computer monitoring conditions, specifically keystroke monitoring, unlawfully infringe upon his liberty interests.  Def. Mot. to Rec. at 11-14.

As noted above, the defendant submitted a "Offense Specific Evaluation" in advance of his sentencing in this case.  ECF #27-1.  The evaluation provided the evaluator's recommendations regarding computer monitoring in paragraph 3 of the "Recommendations" section.  *Id.* at 16.  While the government does not reveal the contents of said document due its restriction level and this Court's standard language when granting orders to restrict, the defendant's own evaluator addresses monitoring of electronic and digital activity.  *Id.*

The government's position remains that there is ample evidence in the record to support computer monitoring, including keystroke monitoring.  The nature and circumstances of the case are the same as when the defendant's sentence was imposed in January 2020.  The history and characteristics of the defendant are the same as when sentence was imposed.  As noted above, there does not seem to be any decrease with respect to risk to the community since the time of the defendant's January 2020 sentencing.  Further, there were no objections to Special Conditions 4 or

6 at that time. Device monitoring involves no greater deprivation of liberty than necessary to ensure the safety of the community. Therefore, the defendant's motion to reconsider the Court's Order should be denied.

## CONCLUSION

The government respectfully requests that the Court deny the defendant's Motion to Reconsider.

                                                COLE FINEGAN
                                                United States Attorney

By:   *s/ Alecia L. Riewerts*
        Assistant U.S. Attorney
        U.S. Attorney's Office
        1801 California Street, Suite 1600
        Denver, CO 80202
        Telephone: 303-454-0100
        E-mail: Alecia.Riewerts@usdoj.gov
        Attorney for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2022, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following addresses:

    Wadi F. Muhaisen
    wadi@muhaisenlaw.com

    Douglas Ivan Richards
    doug@richardscarrington.com

Additionally, I hereby certify that due to the hour of this filing, defendant Joel Thomas will be sent a copy of this filing via United States Postal Service on April 22, 2022, at the following address:

    Joel Thomas
    Federal Correctional Institution
    9595 W. Quincy Avenue
    Littleton, CO 80123

    By:  *s/ Alecia L. Riewerts*
    Assistant U.S. Attorney
    U.S. Attorney's Office
    1801 California Street, Suite 1600
    Denver, CO 80202
    Telephone: 303-454-0100
    E-mail: Alecia.Riewerts@usdoj.gov
    Attorney for Government