IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 04 2022
JEFFREY P. COLWELL
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ( |
| v. | ( Case No. 19-cr-00397-CMA |
| JOEL THOMAS | ( |
| Defendant. | ( |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

Joel Thomas, Defendant, acting Pro Se, is responsing to the Government's Response to the Defendant's Motion To Reconsider (ECF# 62) with the following argument:

The Government uses the Defendant's instant offense to dispute the modifications of certain special conditions imposed by this Court. The Defendant has addressed the facts of the case within his initial Motion To Modify (ECF# 57). The Defendant takes full responsibility and accountability for his actions that occurred in 2012 until 2013. What is in dispute is the in what the Government focuses on, which is his committed offense. Not the Defendant's complete history and characteristics that demonstrate that he has and continues to deter from criminal conduct, is not a threat to the public, and has completed other correctional needs and rehabilitation. Below the Defendant will discuss how a crime that was committed over nine years ago, and six years removed from him being sentenced, has met the 18 U.S.C. §3583(d) factors and has recommended to this Court a form of treatment and computer monitoring that is most effective to him as required under the §3553 and §3583 factors.

### A) SUBSTANTIVE REQUIREMENTS

Conditions of Supervised Release must "(1) be 'reasonably related' to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) 'involve no greater deprivation of liberty than

-1-

is reasonably necessary' for the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) to be consistent with any pertinent policy statements issued by the Sentencing Commission." United States v. Martinez-Torres, 795 F.3d 1233, 1236 (10th Cir. 2015)(quoting 18 U.S.C. §3583(d)).

**1) DEFENDANT'S 18 U.S.C. §3583(d) FACTORS AS APPLIED TO HIM**

(1) - reasonably related to the nature and circumstances of the offense, the defendant's history and characteristics, and the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs."

As applied to the Defendant; the Defendant does not have a criminal history except for the instant offense. The Defendant accepts responsibility and accountability for his crimes; this is undisputed. The Government does not provide the Court with any indication or argument showing the Defendant with further propensity after the crime took place in 2013, or during the six years between, or after his sentencing or incarceration.

The Government did not feel that at any time during those six years that the Defendant was a risk to the public, needed treatment, monitoring or any other restriction to deter further crimes or protect the public. For over six years, or over 2200 days, at no time did the Government request the Defendant's detainment, request for a psycho-sexual evaluation, or request computer monitoring. In addition, it is proven that the Defendant has not committed any additional crimes in those six years (besides minor traffic violations). The Defendant was allowed to travel, unrestricted, overseas, Canada, Mexico and everywhere in-between without any cause of alarm from the Government. The question now is, how is it after the end of his crime in 2013 and up until the end of 2019, and after incarceration, the Defendant is now a threat to the public, needs intensive mental health treatment and has an increased recidivism status in the eyes of the Government?

In addition, the Government has not provided this Court with a proper "medical

-2-

evaluation" by a court ordered psychiatrist or psychologist. The "offense specific" evaluation was performed by a person with undisclosed credentials, nor was a psychiatrist or psychologist to make a medical determination of what the Defendant suffers from if anything.

The Government is mistaken to think that a non-qualified person can provide a medical diagnosis or recommendation based on a type of crime. An offense specific evaluation is not a medical report, and for the Court to use this evaluation without medical findings is a due process violation of the Defendant's rights. The Defendant is allowed to confront and challenge medical findings in a hearing, however, the Defendant was not allowed to challenge the offense specific evaluation in regards to the need for mental health treatment. In order for the Court to determine the mental health treatment needs or sex offender treatment under 5D1.3(7), a specific psycho-sexual evaluation must be performed as required by 18 U.S.C.S. §4247(a)(1)(C) following 18 U.S.C.S. §4241(a) and (b).

As discussed in the Defendant's Motion To Reconsider, a psycho-sexual evaluation is a undisputed form of mental health treatment and what is disclosed in a psycho-sexual evaluation is of a very private and invasive nature. This includes discussion of private topics such as: sexual secrets, early childhood sexual experiences be abuse, masturbation patterns and frequency, sexual attractions, past and current sexual experiences or relationships, pornography habits and frequency of use, casual sexual encounters, personal stimulations, detailed sexual activity with partners, visual arousal effects, and a complete sexual history and family sexual history.

This type of evaluation is not a simple run-of-the-mill interview that is offense specific, it is a very invasive, humiliating experience that discloses sensitive private matters of person and specific relationship activities of that person. Since disclosure of such matters is a liberty interest, it is protected by the Constitution. Since this evaluation infringes on disclosing a very protected liberty interest, an order by the Court must be held and a proper medical report

must be filed for the Court to order further mental health treatment, which did not take place at the Defendant's sentencing hearing, nor did the Court explain in particular fashion why that condition was being imposed on the Defendant.

Since there was no medical findings or needs of the Defendant at the time of Sentencing, nor has the Government provided any statement or information to support the Defendant's needs in the proper form, nor has the Government demonstrated that during the time of the Defendant's crime in 2013, the six years between until Sentencing in 2020, or the Defendant's needs after incarceration, on why he needs intensive mental health treatment. There is no medical specific findings to support this condition.

To further support the Defendant's argument, the Defendant, on his own, has sought sex addiction treatment, and completed this treatment prior to incarceration. The Defendant also sought individualized psycho-therapy which a medical report was provided to the Court indicating that the Defendant's characteristics have changed. The Defendant also, by his own accord, has been attending SAA prior to incarceration, during incarceration and will be attending after incarceration, this is a form of group therapy that specilizes in sex addiction treatment.

The Government fails to support the Defendant's needs for sex offender treatment, yet the Defendant supports why SAA is the most effective method of treatment as applied to him, meeting the goals of §3583(d). The Defendant has also demonstrated to this Court that he has met the United States Probation Office's own purpose and statement of sex offender assessment and treatment guidelines. It would be futile and redundant for the Defendant to participate in a program that he has already met the goals of treatment prior to sentencing.

Again, the Government relies on the facts of the Defendant's crime, which again, he does not dispute, took corrective action, takes full responsibility and accountability for that action, has great remorse and has demonstrated through his victim impact statements that he has caused great pain. The Defendant has deterred from further criminal activity since 2013, and is not a threat to the

public.

To further the Government's argument, the Government relied on a declaration of Dr. A. Van Der Walt (ECF# 66-3). Dr. Van Der Walt states that she is familiar with the Defendant.(Id at 3), this is false. Dr. Van Der Walt has never met with or had any interaction with the Defendant at any time during his incarceration. The only person the Defendant has met with is Dr. Boltz in the psychology department at FCI Englewood. How Dr. Van Der Walt would be familiar with the Defendant is in question, as he has never met or even knows who Dr. Van Der Walt is.

The Government also relies on the Bureau of Prisons (BOP) sex offender program. This program is neither recognized by the United States Probation Office as a form of treatment, nor is the program accredited with the American Psychological Association, nor is it recognized by the Colorado Sex Offender Management Board.

How would the Defendant attending a program that is not recognized as approved method of treatment further the promotion of the needs of the Defendant's rehabilitation?

To summarize the Defendant's treatment; has the Defendant met the stated purpose of the sex offenders assessment and treatment requirements outlined in the United States Probation Office's own policy? Yes. Has the Defendant participated in a accredited sex addiction therapy? Yes. Has the Defendant participated and has continued his participated in a type of therapy that is most effective to him? Yes. Has the Defendant deterred from additional criminal activity? Yes. (For almost ten years now) Has the Defendant been a risk to the public? No. (Again, for almost ten years now) Has the Defendant met the requirements of §3553 and §3583? Yes. And finally, has the Government or the Court have findings that the Defendant suffers from a mental health condition by medical record or reporting that enables the Court to put in place a Special Condition of psycho-sexual evaluation and/or treatment? No. There is no record or statement by either the Government or the Court that reports by a medical findings that the Defendant needs further mental health treatment.

(2) – involves no greater deprivation of liberty than is reasonably necessary for the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation.

It has been determined that mental health treatment is a significant deprivation of liberty and imposing a condition that affects the Defendant's liberty must be specific to the Defendant. United States v. Englehart, 2022 U.S. App. LEXIS 1139, No. 21-8007 (Jan 14, 2022)(10th Cir. App. 2022). The Defendant has proven that the Government has not demonstrated that the Defendant was a risk to the public for six years after the commission of his crime, or have they shown that he is now a danger to the public after incarceration. The purpose to deter criminal activity has been established by the Defendant by demonstrating his lack of criminal activity since 2013. He has not been or is a threat to the public. The Defendant has and is participating in rehabilitation on his own accord, which supports the factor listed above. The Government has not provided any additional facts to support otherwise. Has the Defendant accepted responsibility? Yes. Has the Defendant accepted accountability? Yes. Has the Defendant participated and completed treatment in the most effective manner as applied to him? Yes. Has the Defendant detered from further criminal activity over the past ten years? Yes. Has the Defendant's characteristics changed? Yes.

While the Government focuses on the crime committed by the Defendant nearly ten years ago, they dismiss the Defendant's deterrence to criminal activity, his successful completion of sex addiction treatment, individualized psycho-therapy, past, current and future participation in SAA and his acceptance of responsibility to his crime.

It is undisputed that he commited this crime, he has been punished for it thorugh incarceration, he has completed treatment to address his actions, and has taken the steps for his deterrence and accountability through continued group therapy through SAA. In other words, he has met the conditions of §3583. By imposing a mental health treatment condition without medical findings affects the Defendant's

-6-

liberty, which was not disclosed on how additional treatment will promote the Defendant's rehabilitation. Therefore, condition 1 must be removed and modified as applied to the Defendant.

(3) - to be consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. 5D1.3(5) and (7) must be determined though 18 U.S.C. §4241 and §4247 citing: "drug, alcohol, and sex offender treatment programs (emphasis added) and other treatment programs that will assist the individual in overcoming a psychological or physical dependence or any condition that makes the individual dangerous to others..."(see 4247(a)(1)(C).

In order to determine that the Defendant has a psychological or physical dependence, a pre-sentence medical evaluation must be performed and orderd by the Court to determine by a psychiatrist or psychologist in order for such a condition to be imposed. §4241(a) and (b), and a hearing must be held by the court to determine if treatment will assist the individual in overcoming a diagnosed psychological or physical dependence or any condition that makes the individual dangerous to others.

The Defendant has demonstrated to this Court that thenGovernmentehasenot supplied evidence or information indicating that the Defendant is a danger to others or himself, nor has a clinical diagnosis been ordered by the Court for the Court to determine this fact. Again, for six years after the commencement of his crime, the Government nor the Court felt that he was a danger to himself or others.

The Defendant has met the U.S.S.G.'s policy statements regarding §5D1.3 (5) and (7), as well as §4241 and 4247 as issued by the U.S.S.GG

**CONCLUSION**

The Government reliesoon the Defendant instant offense, his only offense, which took place over nine years ago, The Government dismisses the fact that the Defendant has no criminal activity since 2013, has obtained and continues to attend

treatment, and has changed over the ten years.(The Government dismisses the fact that incarceration provides additional deterrence to criminal activity, which the Defendant has shown that he has not committed any additional crimes since 2013, or that the Defendant is not a threat to the public,

The Defendant has provided to this Court his completion of treatment, participation in SAA, and has demonstrated his lack of criminal activity since 2013. Showing the Court that he is not a threat to the public and does not need more intense rehabilitation or other correctional needs.

The Court did not find through procedure that the Defendant needs psychological or psychiatric treatment, and imposing such treatment has a great deprivation of liberty that cannot be applied without specific findings through a medical report by a credentialed doctor,

The Government fails to provide a medical diagnosis requiring the Defendant to additional psychological or psychiatric treatment, and has failed to provide evidence of further criminal activity of the Defendant after 2013, or provide any fact that the Defendant is a threat to the public after 2013, in which his crime was committed.

The Government fails to provide the Court with any indication that after incarceration, the Defendant is more of a threat then before sentencing, or that after incarceration he needs additional treatment to protect the public. The Government also fails to provide how a more intensive restriction of his computer monitoring, even after six years after his crime was committed and having unfetted, unmonitored and unrestricted access to computers for those six years will further protecting the public or deter criminal activity when the Defendant has already shown that after 2013 he has deterred from criminal activity.

The Government dismisses the fact that the Defendant has changed for the better, and continues to take responsibility for his actions; holds himself accountable for those actions almost ten years ago and has great remorse for his victims. The Government acts as if a person cannot change, cannot make amends, or cannot

-8-

have remorse for his past. The Government dismisses the fact that after his crime in 2013, that since then and through sentencing in 2020, that the Defendant has taken significant steps in his life to right his wrongs.

Therefore, the Defendant request this Court to grant in favor of the Defendant's Motion To Reconsider with the statement above through proof that since 2013 and when the Defendant was charged and sentenced in 2019 (six year gap) that the Defendant has deterred from criminal activity, completed treatment, continues group treatment and is not a threat to the public as stated above.

The Defendant, Joel Thomas, acting Pro Se, respectfully request that the Court affirm the Defendant's Motion To Reconsider his Motion To Modify Conditions of Special Conditions of Supervised Release.

ENCLOSED:

1) Responsibility Declaration
   as part of SAA group
   treatment (read at a SAA meeting)
   (Document #1)

Respectfully Submitted,

Joel Thomas, Defendant
Pro Se
REG# 45461-013
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April '22, I mailed the forgoing Response to the Government's Response to Defendant's Motion To Reconsider with the Clerk of the Court using the United States Postal Service via Inmate Mail on April 29, 2022 to the following address:

Clerk of the Court
Alfred A. Arraj United States Courthouse
901 19th Street, 2nd Floor
Denver, Colorado 80294

Joel Thomas, Defendant
REG# 45461-013
FCI Englewood
9595 W Quincy Ave
Littleton, CO 80123

Mailed on April 29, 2022

## RESPONSIBILITY DECLARATION

### (DOCUMENT #1)

To Whom It May Concern,

Below is a statement regarding my own complete understanding and acceptance of responsibility for my actions which took place from 2012 to 2013. During that year, I fell down a path of deviant behavior caused admittedly by curiousity and a moral unawareness.

The crime of access with intent to view is not synonymous with possession, distribution, or receipt as it does not complete the circle of actually viewing or possessing material. Possessing, or viewing, and access with intent to view are two different types of conduct, with different case law governing each.

This does not minimize my actions. What I did was hideous, while unbecoming of my true self. By accessing a Dark Web forum and participating in discussion about the forum's content was egregious in its own right. I have deep shame and remorse for my participation in such activities, which I will use for the continuous betterment of myself.

The investigation by the FBI made it clear that I was going down the wrong path and, after the search of my home in 2013, I ceased all activity regarding this material, as I had undergone a moral awaking.

Six years later, the government decided it was time to close my case and the government filed a notice of information charging me with access with intent to view. I accepted responsibility and was sentenced to 48 months incarceration and a $5000 restitution order which I paid immediately.

## MY TREATMENT

Prior to incarceration, I enrolled voluntarily to a sex addiction treatment program at Begin Again Institute in Boulder, Colorado. This program focused on the cogent ability to manage sexual thoughts and behaviors, as well as tools to manage arousal patterns, fantasies, and deviant thoughts and behaviors. The program was very intensive and through regarding thought process and thought changes. The program also focused on empathy and remorse for actions that caused harm or victimization.

After taking the program at Begin Again Institute, I can now recognize when a deviant thought enters my mind, and know how to address the thought and change direction. My focus is no longer on sexual behavior, but on productive activity, my relationship with my family, and a spiritual growth in continued recovery. I am much more aware of my sexual actions and the root cause(s) of those past actions. I have a strong understanding of my thought process and can manage situations that were once difficult for me. I now have the resources and tools to recognize deviant thought process and can correct course quickly and effectively. I understand

fully what harmful-acting-out is and what these actions do to the victims of these horrible images and videos. This understanding creates an emotion that was not present nearly 10 years ago, and I now fully understand what my actions have caused, not only to the victims, but to my family and society.

In addition to completing the sex addiction program at Begin Again Institute, I started attending SAA (Sex Addicts Anonymous) prior to my incarceration. I was attending weekly meetings at the Highlands Ranch SAA Fellowship up until my self surrender to the BOP. I picked the date of 10-1-13 as my sobriety date as that is when I came to realize the harmful actions of my participations on that forum.

With the support of SAA, I have further expanded my recovery. Even while incarcerated, I attended the SAA meetings held every week, as SAA holds me accountable for my actions and thoughts as I participate in group therapy. I no longer have deviant fantasies, nor do I ever want to participate in such activities of my past. My sexual patterns are no longer self-centered or deviant. My planning only involves a healthy relationship with my wife of 18 years. With the 12-Step tools, my participation in SAA and being open and honest with my wife, family, friends, and sponsor, I am able to manage my thought processes and have no inclination or rationalization for deviant behavior. I want to be very clear here, I have never had a urge or thought of action to personally act on my deviant behavior. Nor do have any inclination or attraction to children, and never have.

As I grow in my recovery, I choose to integrate my sexuality with my spirituality. I am sexual via love, gratitude, and generosity; not selfish, deviant thoughts nor lustful behaviors. Sex is an expression of my highest spiritual ideals which I share with the love of my life, my wife. I have come to believe that my sexual drive is a God-given part of who I am, and I have surrendered my addiction over to my Higher Power, which has directed me to realize that my love is stronger than lust, and my love for my wife is my desire. I channel that energy to promote my intimacy and connection with my life partner. Negative energy no longer controls me, but I allow my Higher Power into my sexuality, and it becomes a powerful gift that both my wife and I can enjoy-physically, emotionally, and spiritually. This power helps me use my sexuality to express love, appreciation, and faith.

Since 2013 I have been sexually sober. I have not engaged in addictive, destructive, or harmful behaviors. I have abstained from specific sexual behaviors which caused my life to become unmanageable and remorseful. I have gained wisdom and strength with the passage of time in sobriety. Sobriety does not mean the elimination of sexuality from my life, it means to not engage in addictive or deviant sexual thoughts or behaviors that were once harmful and unmanageable.

-2-

I have identified the patterns of my past sexual deviant behavior. Thoroughness and honesty are essential in revealing those patterns. I have made a complete sexual history of my life, which included looking at my family background and early events which influenced my sexuality. My history revealed patterns and progressively destructive changes in my behavior. I wrote down those events and behaviors and have developed a recognition and solution to deviate from those behaviors. I have completely abstained from addictive sexual behavior that is now identified as unmanagable. I have maintained my sobriety and recovery by working a daily program through knowledge, meditation, reflection, personal serenity, and my urge of continued change. I've attended SAA meetings every week to re-enforce this ability and to hold my actions accountable. I live a life of honesty and integrity. When I need help, I ask for it. I express love and gratitude every day. I realize that everything I have been through helps me be of service to others in a productive manner. I live life on life's terms, without having to change or suppress my feelings towards selfishness. I can be happy with trust and commitment to my family and friends. I find that my spiritual principles can guide me in everyday challenges of life.

By accepting this, I reflect every day on my continued growth and focus. To me the necessities of life are: my wife, my son, my family, my friends, and my continued participation in SAA. I am solely responsible for my actions and the consequences of those actions. I have done a lot of soul searching and have discovered that I am an empathic, loving, caring husband, father, son, and friend to many. Acknowledging that I have caused harm hurts me deeply. I reflect this awareness in the victim impact statements I have written in the past, and I strive to make amends everyday for those past actions. I'm better than my past self and I hold my old self accountable. I've turned a new leaf over the past 10 years, refocused my energy and my actions to a greater good a to be a better person. I live now for the love of my life, I live now as an influence to my son, and I live life to be a contributing member to my family, friends and society. I am not the person of my past. I am me, now, with a bright future. I am a person of care, love, emptahy, and trust, and for that I am responsible.



⇔45461-013⇔
Joel Thomas
Federal Correctional Institution
9595 W Quincy Ave
Littleton, CO 80123
United States

⇔45461-013⇔
United States Dist Court
Office of the Clerk
901 19TH ST
Room A105
Denver, CO 80294-3589
United States