FILED
United States Court of Appeals
Tenth Circuit

February 10, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL THOMAS,

    Defendant - Appellant.

No. 22-1149
(D.C. No. 1:19-CR-00397-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Joel Thomas, proceeding pro se, appeals the district court's denial of his request to modify conditions of his supervised release requiring sex offender treatment and keystroke monitoring of his electronic activities. The district court found that the nature and circumstances of Thomas's child pornography offense, a psychologist report recommending further treatment and monitoring, and other

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

facts supported keeping the conditions in place.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

In 2019, Thomas pled guilty to one count of accessing child pornography with an intent to view in violation of 18 U.S.C. § 2252A(a)(5)(B).  He admitted that in 2012 and 2013, he accessed websites on the dark web that facilitated transmission of child pornography and discussions between pedophiles.  His posts on the sites described his use of encryption technology to securely maintain his "entire collection [of child pornography] on one device."  R., vol. 1 at 31.  Authorities later found encrypted containers on Thomas's computer but could not access their contents "[d]ue to the level of encryption."  *Id.* at 35.  Authorities also discovered Thomas had installed software on his computer that enabled "the secure deletion of files and removal of remnant data."  *Id.*

Thomas sought a below-guidelines sentence because he had abided by the law during the roughly six-year period between the government's 2013 seizure of his computer and its 2019 indictment, had begun sex addiction therapy, and had started attending Sex Addicts Anonymous (SAA) meetings.  To support his request, Thomas underwent a mental health evaluation and submitted the results to the court.  The evaluating psychologist recommended he undergo further sex offender treatment and that his digital activity be strictly monitored.

In January 2020, the district court sentenced Thomas to a below-guidelines term of 48 months in prison, to be followed by five years of supervised release.  The

court imposed the following special conditions of supervision pertinent to this appeal:

> 1. You must participate in and successfully complete a sex-offense specific evaluation and/or treatment program as approved by the probation officer. . . .
>
> . . . .
>
> 4. . . . Any computer or Internet capable device must be able to be effectively monitored by and comply with the requirements of monitoring software utilized by the Probation Office. . . .
>
> . . . .
>
> 6. You must allow the probation officer to install software/hardware designed to monitor computer activities on any computer you are authorized by the probation officer to use.  The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.

*Id.* at 47.  Consistent with the appeal waiver in his plea agreement, Thomas did not appeal.

Thomas instead filed a motion in 2022 to modify his supervised release conditions.  Regarding special condition one, he asked the court to substitute his participation in SAA for the requirement that he undergo "a sex-offense specific evaluation and/or treatment program." *Id.*  He argued the special condition mandated a "mental health treatment," *id.* at 118, and that the court lacked a basis for imposing it because the evidence did not establish he had a "mental health condition," *id.* at 120.  He contended the court could not determine he needed mental health treatment "unless a[n] exam [wa]s performed and a report [wa]s filed by a court ordered

3

psychologist." *Id.* at 118. And he asserted that he did not need sex offender evaluation and treatment because he had voluntarily seen a therapist before he went to prison and planned to participate in SAA upon his release.

Regarding special conditions four and six, Thomas asked the court to eliminate the requirement that he submit to keystroke monitoring of his electronic activity. He argued that he did not present a risk to public safety and that the goals of the monitoring could be adequately achieved through unannounced searches of his home and personal property.

On March 29, 2022, the district court denied Thomas's request to modify special conditions one, four, and six. Regarding special condition one, it reasoned the nature and circumstances of Thomas's offense warranted sex offender evaluation and treatment, which the Sentencing Guidelines recommend for all sex offenders. *See* U.S. Sent'g Guidelines Manual (USSG) § 5D1.3(d)(7)(A) (U.S. Sent'g Comm'n 2021). It also said Thomas's refusal to participate in sex offender treatment while in prison further supported special condition one. Regarding special conditions four and six, the district court reasoned the nature and circumstances of Thomas's offense warranted keystroke monitoring, noting Thomas used a computer to commit his offense and employed sophisticated techniques to evade detection. It further observed "the Sentencing Commission recommends limiting computer use or

otherwise imposing monitoring of computer and Internet use in cases like this one." R., vol. 1 at 152 (citing USSG § 5D1.3(d)(7)).[1]

On April 8, 2022, Thomas filed a motion asking the district court to reconsider its order as to special conditions one, four, and six. In this motion, Thomas mostly re-hashed arguments from his initial motion. But he also argued the district court incorrectly found he had refused to participate in sex therapy in prison, and that it exaggerated his technological expertise to support its ruling.

The district court denied Thomas's motion for reconsideration by order entered April 28, 2022. It clarified that the psychologist report Thomas submitted at sentencing supported its initial imposition of special condition one and that Thomas's voluntary participation in therapy and SAA, while laudable, did not support modification of special condition one. The district court further found "no error in its previous statement that [Thomas] has declined . . . sex offender treatment" in prison, *id.* at 184, relying on a declaration submitted by a prison employee. And it reiterated its position that the circumstances surrounding Thomas's offense warranted imposition of special conditions one, four, and six.

Thomas filed a notice of appeal on May 6, 2022.

---

[1] In its order, the district court also granted Thomas's request to remove special conditions seven to eleven because those special conditions related to his finances and he paid his restitution in full. The district court's removal of those special conditions is not at issue in this appeal.

## II. Discussion

### A. Orders on Appeal

The government contends "Thomas appealed only the denial of his motion for reconsideration," such that "this [c]ourt has jurisdiction only to review the denial of reconsideration." Aplee. Br. at vii–viii (citation omitted). We disagree.

A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). But a "notice . . . need not be perfect." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010). We "liberally construe the requirements of Rule 3," *Smith v. Barry*, 502 U.S. 244, 248 (1992), and Thomas's pro se filings, *see Sines*, 609 F.3d at 1074. Thomas's notice of appeal is not a model of clarity regarding the order on appeal. But the notice references both the initial order denying Thomas's motion to modify his supervised release conditions (by citing district court docket entry 61) and the order denying his motion for reconsideration (by citing district court docket entry 68 and the date of the order). We therefore conclude the notice confers jurisdiction to review both orders.

The government also contends that because Thomas did not file his notice of appeal until May 6, 2022, the notice was untimely with respect to the district court's March 29, 2022 order denying Thomas's motion to modify his supervised release conditions. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring a notice of appeal to be filed within 14 days of the applicable order). We disagree. Thomas filed a timely motion for reconsideration on April 8, 2022, *see United States v. Randall*, 666 F.3d 1238,

1242 (10th Cir. 2011), rendering the March 29 order non-final. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991). As a result, the time for Thomas to file a notice of appeal did not begin to run until the district court entered its April 28, 2022 order denying the motion for reconsideration. *See id.* at 4–6 & n.2. And Thomas filed his notice of appeal within 14 days of that order. His notice was therefore timely with respect to both orders.

**B. Merits**

A district court has authority to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). "The only statutory requirements for modification are that the district court consider [the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)], follow the procedure outlined in Fed. R. Crim. P. 32.1, and ensure that the modified conditions are consistent with the requirements applicable to all conditions of supervised release." *United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011).[2] "[A] district court retains the discretion to determine whether there are valid reasons

---

[2] The enumerated § 3553(a) factors require the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need "to afford adequate deterrence to criminal conduct"; the need "to protect the public from further crimes of the defendant"; the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment"; "the [applicable] kinds of sentence and the [applicable] sentencing range"; "any pertinent policy statement"; "the need to avoid unwarranted sentencing disparities"; and "the need to provide restitution."

to modify," *id.* at 1173, and nothing in the statute "require[s] a district court to make particular findings" when deciding a motion to modify, *id.* at 1171. A district court can decide a motion to modify "based only on evidence that was available at the original sentencing." *Id.* at 1172 (internal quotation marks omitted).

"[A] motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Warren*, 22 F.4th 917, 927 (10th Cir. 2022) (internal quotation marks omitted). "The specific grounds which allow granting such motions include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (internal quotation marks omitted).

We review the district court's ruling on a motion to modify for an abuse of discretion. *See United States v. Pugliese*, 960 F.2d 913, 915 (10th Cir. 1992). "Likewise, we review the district court's denial of a motion for reconsideration for abuse of discretion." *Warren*, 22 F.4th at 927 (internal quotation marks omitted). "A district court abuses its discretion only where it (1) commits legal error, (2) relies on clearly erroneous factual findings, or (3) where no rational basis exists in the evidence to support its ruling." *United States v. Alfred*, 982 F.3d 1273, 1279 (10th Cir. 2020) (internal quotation marks omitted). "A district court does not abuse its discretion if its ruling falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious, or whimsical." *United States v. Armajo*, 38 F.4th 80, 84 (10th Cir. 2022) (internal quotation marks omitted).

Many of Thomas's arguments proceed from the premise that in denying his modification motion, the district court effectively re-imposed the special conditions of supervised release it had ordered at his sentencing. From this premise, Thomas presumes the district court had to satisfy the standards applicable to imposing special conditions of supervised release.[3] And he argues the district court erred because it failed to satisfy those standards. Regarding special condition one, he argues the district court erred by failing to order a psycho-sexual evaluation before imposing it and by failing to sufficiently analyze the propriety of this special condition. Regarding special conditions four and six, he argues the conditions violate his Fourth Amendment rights and that the district court erred by failing to provide sufficient reasons supporting their imposition.

---

[3] In *United States v. Martinez-Torres*, this court explained that special conditions of supervised release must meet three statutory tests.

> The conditions of release must (1) be "reasonably related" to the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, or the defendant's educational, vocational, medical, or other correctional needs; (2) "involve[ ] no greater deprivation of liberty than is reasonably necessary" for the purposes of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission.

795 F.3d 1233, 1236 (10th Cir. 2015) (alteration in original) (quoting 18 U.S.C. § 3583(d)). And "before a district court can impose upon a defendant a special condition of supervised release, the district court must analyze and generally explain how, with regard to the specific defendant being sentenced, the special condition furthers the three statutory requirements set out in 18 U.S.C. § 3583(d)." *United States v. Koch*, 978 F.3d 719, 725 (10th Cir. 2020).

We reject all these arguments because the district court did not impose any special conditions of supervised release when it denied Thomas's motion. The court had imposed the challenged special conditions of supervised release years earlier in its judgment that Thomas did not appeal. Thomas cannot now challenge the legality of those conditions or the process leading to their imposition. *See Begay*, 631 F.3d at 1172–73 (recognizing case law holding that "a district court does not have the authority to modify conditions of supervised release based on an argument that a particular condition is unlawful, because lawfulness is not one of the § 3553(a) factors listed in 18 U.S.C. § 3583(e)"; instead, "any challenge to the legality of a condition of supervised release must be raised on direct appeal or in a habeas petition" (citing United States v. Lussier, 104 F.3d 32, 34 (2d Cir. 1997)); *see also United States v. Morris*, 37 F.4th 971, 976 (4th Cir. 2022) (observing that challenges to conditions of supervised release "rest[ing] on the factual and legal premises that existed at the time of the defendant's sentencing are impermissible" (brackets and internal quotation marks omitted)); *United States v. Cordero*, 7 F.4th 1058, 1070 (11th Cir. 2021) ("join[ing] the Second, Fifth, and Ninth Circuits in holding that § 3582(e)(2) cannot be used to challenge the legality or constitutionality of supervised release conditions"); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (holding "§ 3583(e)(2) may not be used as a backdoor to challenge the legality of a sentence" (internal quotation marks omitted)).

We now turn to Thomas's arguments pertinent to modification. Regarding special condition one, Thomas argues the district court should have modified it

because (1) he had already undergone sex offender treatment and "[i]t would be irrational for him to complete the treatment again when the outcome would be the same," Aplt. Reply Br. at 5; (2) his proposed alternative of attending SAA meetings would be more effective; and (3) the effectiveness of his prior therapy and SAA attendance, as proven by his remorse and law abidance, renders other treatment unnecessary. He does not argue the district court committed legal error or based its ruling on an unsupported finding of fact.

We conclude the district court did not abuse its discretion in refusing to modify special condition one in either order. The district court based its decision in part on the psychologist report Thomas submitted in connection with his sentencing. That report recommended additional treatment beyond what Thomas had undergone already. The district court further based its decision on record evidence Thomas had foregone an opportunity to get treatment in prison. And the district court implicitly rejected Thomas's argument that his remorse and law abidance supported modification by finding the nature and circumstances of his offense, combined with his history and characteristics, continued to support special condition one, which the Sentencing Guidelines recommend in cases like this one. The district court's reasoned application of the facts to deny both modification and reconsideration fell within the bounds of permissible choice.

Regarding special conditions four and six, Thomas argues the district court should have eliminated keystroke monitoring because he has expressed remorse and accepted responsibility for his actions, has not accessed child pornography since

11

2013, and is not a threat to the public. But he does not argue the district court committed legal error or relied on an unsupported finding of fact.

We conclude the district court did not abuse its discretion in refusing to modify special conditions four and six in either order. The district court found that the nature and circumstances of Thomas's offense continued to support keystroke monitoring in part because Thomas "committed his offense solely through use of the computer and the Internet, and he demonstrated sophisticated computer skills through his access of child pornography websites on the dark web and his encryption of his laptop." R., vol. 1 at 151. It also found support for keystroke monitoring in Thomas's encouragement to "others on those websites to stay safe." *Id.* at 152 (internal quotation marks omitted). And it further found support for this condition in the Sentencing Guidelines' recommendation that child pornography offenders be subjected to monitoring. Again, the district court's reasoned application of the facts to deny both modification and reconsideration fell within the bounds of permissible choice.

### III.  Conclusion

We affirm the district court's order denying Thomas's motion for modification and the district court's order denying Thomas's motion for reconsideration.

                                          Entered for the Court

                                          Gregory A. Phillips
                                          Circuit Judge

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

| | | |
|---|---|---|
| Christopher M. Wolpert<br>Clerk of Court | | Jane K. Castro<br>Chief Deputy Clerk |

February 10, 2023

Joel Thomas
FCI - Englewood
9595 West Quincy Avenue
Littleton, CO 80123
#45461-013

**RE:**     **22-1149, United States v. Thomas**
Dist/Ag docket: 1:19-CR-00397-CMA-1

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc:    Elizabeth Ford Milani
Lauren Sara Kupersmith
Alecia Lynne Riewerts

CMW/sds